# UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Lorenzo Hicks-Hinson         :
     v.                      : C.A. No.
Rhode Island Department of Corrections : COMPLAINT

## I. JURISDICTION & VENUE

1. This is a civil action authorized by U.S.C. section 1983, 1985(3) and 1986 to redress the deprivation, under the color of state general law, of the rights secured by the U.S. Constitution. This Court has jurisdiction under 1331 and 1343(a)(3). The Plaintiff seeks declaratory relief pursuant to 28 USC. section 2201 and 2202. His claims for injuctive relief are authorized by 28 USC. section 2283 & 2284 and Rule 65 of the Fed. R. of Civ. P..

2. The District of Rhode Island is the appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claimed occurred.

## II. PLAINTIFF

3. Plaintiff is and was at all times mentioned herein an inmate at the Department of Corrections in Cranston, R.I., (ACI).

## III. DEFENDANTS

4. Rhode Island Department of Corrections (RIDOC), through its agents,

enforce policy and regulations at the Adult Correctional Institution.

5. At all times mentioned in this Complaint the Defendant, through its agents, acted under the color of state general laws.

## IV. FACTS

6. The Plaintiff has been incarcerated since 03/25/2015, and on several occasions has been presented before the Disciplinary Board due to "bookings". The Boards consisted of one (1) Disciplinary Hearing Officer. Said Officer, an agent of the RIDOC, found the Plaintiff guilty, and issued a sanction of Disciplinary Confinement and loss of good time. The composition of the Board was in violation of the "Morris Rules". In Peiva v. RI Dep't of Corr., CA 17-14-JJM-LDA, the Court ruled that the "Morris Rules" are still in effect and that the RIDOC did not have the authorization to change its practice, deviating from the "Rules". A one (1) person board violates those "Rules". Furthermore, the Director has not authorized the issuance of loss of good time under policy 11.01-7, of the Disciplinary Policy.

7. RIDOC has maintained a conspiracy to deprive this Plaintiff of his Due Process Rights by continuing to suspend the "Morris Rules". Because of this deprivation the Plaintiff has suffered  5 months and 21 days in isolation in disciplinary confinement.

## V. LEGAL CLAIMS

8. Plaintiff realleges and incorporates by reference paragraphs 1-7.

9. Plaintiff states that the above acts and omission described herein violate His Fourteenth Amendment Rights Secured by the U.S. Constitution, as described in "Paiva."

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment:

10. Granting declaration that the acts and omissions described herein did violate the Plaintiffs rights under the U.S. Constitution, and

11. A permanent injuction ordering the Defendant to restore the Plaintiffs good time, and

12. Granting compensatory damages in the amount of $150 per day spent in isolated disciplinary confinement, and

13. Granting punitive damages in the amount of $250 per day spent in isolated disciplinary confinement, and

14. Any recovery of costs and any additional relief this Court deems Just, Proper and Equitable.

Respectfully Submitted,

DATE: 03/13/2020

[signature]
ID# 146044
PO BOX 8200
CRANSTON RI 02920

## VERIFICATION

I hereby verify under the penalty of perjury that the foregoing is true, accurate and correct.

Executed at the ACI, Cranston Rhode Island on 03/13/2020.

[signature]

## CERTIFICATION

I hereby certify that I mailed this Complaint to the Office of the Clerk for the United States District Court for the District of Rhode Island to be electronically filed and served on the Defendant on 03/16/2020.

[signature]