## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **LORENZO HICKS-HINSON,**<br>    *Plaintiff*<br><br>v.<br><br>**STATE OF RHODE ISLAND DEPARTMENT OF CORRECTIONS,**<br>    *Defendant* | C.A. No. 1:20-cv-00141-JJM-PAS |

### MOTION TO DISMISS

NOW COMES Defendant State of Rhode Island Department of Corrections ("RIDOC" or the "State") and hereby moves to dismiss the Complaint (ECF 1) filed by Plaintiff Lorenzo Hicks-Hinson ("Plaintiff") in the above-captioned action, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support thereof, the State asserts that the Eleventh Amendment, Will v. Michigan, and precedent surrounding good time credits bars Plaintiff's claims and requested relief. Additionally, the Complaint fails to state a claim upon which relief may be granted because no private cause of action exists under the Morris Rules. Moreover, the Plaintiff lacks a liberty interest with respect to the specific number of officers present at disciplinary hearings. Absent any liberty interest, Plaintiff's claims, to the extent they could be construed as due process claims under the Fourteenth Amendment, fail as a matter of law. Therefore, the State respectfully requests this Honorable Court dismiss the Complaint (ECF 1) with prejudice.

### FACTS AND TRAVEL

Plaintiff is an inmate representing himself *pro se* and has been incarcerated at the Adult Corrections Institute ("ACI") since March 25, 2015. See Compl., ECF 1 at 2, ¶ 6. During his

1

incarceration, Plaintiff alleges that he was "booked" on several unspecified occasions for committing unspecified infractions. See id. Plaintiff further alleges that, following the disciplinary hearings, a RIDOC disciplinary board found him guilty of the infractions and imposed sanctions, reclassifying Plaintiff to disciplinary confinement and ordering a loss of good time. See id. Plaintiff filed the Complaint (ECF 1) on March 23, 2020, asserting that the number of officers on the disciplinary board violated the Morris Rules and therefore deprived Plaintiff of due process. See id. at ¶¶ 6-7. The Complaint seeks declaratory and injunctive relief to restore Plaintiff's good time, as well as compensatory and punitive damages. See id. at 3, ¶¶ 10-14.

## LEGAL STANDARD

A motion pursuant to Rule 12(b)(1) asserts that the court lacks subject matter jurisdiction over the case. Such a motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of a judgment." Arbaugh v. Y&H Corp.,546 U.S. 500, 506 (2006).

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The underlying purpose of this Rule is to "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Fraternal Order of Police v. Library of Congress, 692 F. Supp. 2d 9, 20 (D.D.C. 2010) ("Because the Court cannot ascertain what the [plaintiff]'s … claim is, it cannot find that defendants are able to respond to it.").

In the context of a Rule 12(b)(6) motion to dismiss, courts have interpreted this rule to require that a pleading contain sufficient facts to show an entitlement to the requested relief. Accordingly, a complaint must allege "a plausible entitlement to relief." Twombly, 550 U.S. at

559. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether a plaintiff's claims are entitled to relief, the court must accept as true all well-pleaded facts and indulge all reasonable inferences in plaintiff's favor. Twombly, 550 U.S. at 557.

The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). Thus, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st Cir. 1998) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

In Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. Iqbal, 556 U.S. at 662. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 677-79. Specifically, this court is not compelled to accept legal conclusions set forth as factual allegations in the complaint. Id. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between

3

the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. Iqbal, 556 U.S. at 679. The Court explained that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## I. PLAINTIFF'S CLAIMS AND REQUESTED RELIEF FAIL AS A MATTER OF LAW

As an initial matter, Plaintiff's claims and requested relief are barred by Will v. Michigan, well-settled precedent regarding good time credits, and the Eleventh Amendment. In granting States sovereign immunity, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend XI. The Supreme Court has repeatedly made clear the jurisdictional limitations imposed upon Article III by the Eleventh Amendment:

> [T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III: That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given:* not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (internal quotations omitted) (*emphasis in original*) (quoting Ex parte State of New York, 256 U.S. 490 (1928)).

The caption and body of the Complaint clearly names RIDOC as the sole defendant. The Supreme Court has held that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). Moreover, even assuming *arguendo* that Plaintiff's Fourteenth Amendment rights are somehow implicated, despite the absence of a liberty interest as discussed infra, Plaintiff is nonetheless barred from recovering compensatory and punitive damages against the State in an action under § 1983. See generally Will v. Michigan. 491 U.S. 58, 71 (1989); Johnson v. Rodrigues, 943 F.2d 104, 108 (1st Cir. 1991) ("[i]t is settled beyond peradventure…that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action."). As such, Plaintiff's request for compensatory and punitive damages fails as a matter of law.

The injunctive and declaratory relief Plaintiff seeks—the restoration of good-time—likewise fails as a matter of law. It is well-settled that the award of good time credit in Rhode Island is discretionary and does not implicate a liberty interest. See Leach v. Vose, 689 A.2d 393, 398 (R.I. 1997); Barber v. Vose, 682 A.2d 908, 914 (R.I. 1996). Moreover, § 1983 actions are not a proper vehicle to seek such relief. See Preiser v. Rodriguez, 411 U.S. 475 (1973); DeWitt v. Hall, 121 Fed. Appx. 398, at *1 (1st Cir. 2004) (citing Preiser, 411 U.S. at 488-492); Edwards v. Balisok, 520 U.S. 641 (1997).

In any event, Plaintiff's request for declaratory and injunctive relief restoring his good time credit is also barred by the Eleventh Amendment. See Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 122 n.16 (1996) (recognizing that declaratory and injunctive relief under Ex Parte Young is only available as a remedy for "a state officer's ongoing violation of federal law."); see also Weems, 1996 WL 390465, at *1 ("First, since the Morris [R]ules *are state law*, an alleged violation of

5

them, without more, *is not a sufficient predicate* to sustain a damages action *under federal law*.") (*emphases added*). In the absence of an alleged ongoing violation of Plaintiff's federal rights by a state officer, Plaintiff cannot overcome the State's sovereign immunity and recover prospective injunctive relief. See Seminole Tribe of Fla., 517 at 122 n.16; see also Edelman v. Jordan, 415 U.S. 651 (1974) (holding that the Eleventh Amendment barred relief that was retrospective in nature); Green v. Mansour, 474 U.S. 64, 72-74. (1985) ("a declaratory judgment is not available when the result would be a partial "end run" around our decision in Edelman….") (citations omitted). Thus, not only do Plaintiff's claims fail as a matter of law in the absence of an ongoing violation of Plaintiff's federal rights,[1] but the Court is also without jurisdiction to grant Plaintiff the requested relief, under the Eleventh Amendment. Accordingly, Plaintiff's claims fail, and the Complaint must be dismissed.

---

[1] On January 31, 2020, RIDOC filed a Motion to Terminate the operation and application of the Morris Rules pursuant to 18 U.S.C. § 3626. See Morris v. Travisono, C.A. No. 1:69-cv-04192-JJM-PAS (D.R.I. 1969), ECF No. 2. The filing of this motion, by operation of law, suspended the Morris Rules by automatic stay, beginning thirty (30) days after the motion was filed, or March 1, 2020. see also 18 U.S.C. § 3626(b)(1)(A)(i) ("In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener…2 years after the date the court granted or approved the prospective relief…"); 18 U.S.C. § 3626(e)(2)(A)(i) ("Any motion to modify or terminate prospective relief made under subsection (b) shall operate as a stay during the period…beginning on the 30th day after such motion is filed, in the case of a motion made under paragraph (1)…of subsection (b)…"). This Court has made it clear that the Morris Rules are suspended and will continue to remain suspended until RIDOC's Motion to Terminate is resolved:

> Notwithstanding the denial without prejudice of the Motion to Terminate, ECF 2, the stay order entered by this Court, ECF 4, on February 7, 2020, staying the Order contained in the "Memorandum and Order" dated January 28, 2020, (ECF 71) for Defendant, RIDOC, to "reinstate the Morris Rules as its disciplinary policy in their entirety and without modification within thirty days", said stay shall remain in effect until further order of this Court. - So Ordered by Chief Judge John J. McConnell, Jr. on 9/3/2020. (Barletta, Barbara) (Entered: 09/03/2020)

Morris v. Travisono, C.A. No. 1:69-cv-04192-JJM (D.R.I. 1969), Sep. 3, 2020 Text Order.

**II.     NO PRIVATE CAUSE OF ACTION EXISTS UNDER THE <u>MORRIS</u> RULES, WHICH ARE SUSPENDED BY THE PRISON LITIGATION REFORM ACT AND BY ORDER OF THIS FEDERAL COURT**

It is well-settled in the First Circuit that a Plaintiff may not maintain an independent and separate cause of action for violation of the <u>Morris</u> Rules, as the Morris Rules constitute a court order. <u>See</u> <u>Paiva</u>, 2020 WL 430062 at *5, n.9 ("In the summer of 1996, in a series of three separate per curiam unpublished opinions, the First Circuit found no state created liberty interest in the Morris Rules and *therefore no right to enforce* them in a damages action under federal law.") (internal citations omitted) (*emphasis added*); <u>see also</u> <u>Lother v. Vose</u>, 89 F.3d 823, 1996 WL 345958, *1 (1st Cir. 1996) (unpublished) ("…since both the Morris rules and the Rhode Island Administrative Procedures Acts are state laws, the alleged violation of either, in and of itself, is not a sufficient predicate to sustain a damages action under federal law."); <u>Weems v. Vose</u>, 89 F.3d 824, 1996 WL 390465 (1st Cir. 1996) (unpublished) ("First, since the Morris [R]ules are state law, an alleged violation of them, without more, is not a sufficient predicate to sustain a damages action under federal law."); <u>Heon v. Vose</u>, 86 F.3d 1146, 1996 WL 276195, *1 (1st Cir. 1996) (unpublished) (Plaintiff has no claim for a "state-created liberty interest enabling him to due process protection under the classification provision of state prison regulations (the Morris Rules)" because the U.S. Supreme Court adopted an "atypical and significant hardship" standard in <u>Sandin</u>)). Accordingly, Plaintiff's purported cause of action for a violation of the <u>Morris</u> Rules is a legal nullity. <u>See</u> <u>Paiva</u>, 2020 WL 430062 at *5, n.9.

**III.    THE COMPLAINT FAILS TO ALLEGE A PROTECTED LIBERTY INTEREST UNDER THE FOURTEENTH AMENDMENT AND MUST BE DISMISSED**

Apart from bare, conclusory statements that his due process rights were violated, Plaintiff fails to plead factual allegations that could establish that the alleged conduct implicates a liberty interest. Plaintiff merely offers the conclusion that the suspension of the Morris Rules "violate his

7

Fourteenth Amendment Rights". See Compl., ECF 1 at 3, ¶¶ 9-14. Such conclusory assertions "can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 507-08 (1st Cir. 1998). Plaintiff's Complaint takes aim at the number of people who sit on RIDOC's disciplinary hearing board, which Plaintiff asserts infringes on his due process rights because the number does not align with the Morris Rules. See Compl., ECF 1 at 2, ¶¶ 6-7.[2]

"The Fourteenth Amendment prohibits any State from depriving a person of life, liberty, or property without due process of law." Meachum v. Fano, 427 U.S. 215, 223 (1976). The United States Supreme Court has expressly held that the liberty interests protected by the Due Process Clause are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). The Court was clear that "[t]he Due Process Clause standing along confers no liberty interest in freedom from state action taken within the sentence imposed." Id. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485.

"[The Court's] task is to determine not whether the disciplinary hearings comported in every detail with the state regulations, but whether they were consistent with the 'minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Street v. Rakiey, 989 F.2d 484, 1993 WL 93134, at *3 (1st Cir. 1993) (Table decision) (citing Ponte v. Real, 471 U.S. 491, 495 (1985)). "Prison disciplinary proceedings are not part of a criminal prosecution, and

---

[2] To the extent that Plaintiff seeks redress under § 1983, the Complaint nevertheless warrants dismissal, because Plaintiff's Fourteenth Amendment rights are not implicated by the number of people on the RIDOC disciplinary board.

the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. "And in general, courts should not be too ready to exercise oversight and put aside the judgment of prison administrators in this regard." Rakiey, 1993 WL 93134, at *4 (citing Wolff, 418 U.S. at 564, 566). In Wolff, the United States Supreme Court discussed whether a state prison regulation requiring a three-member panel afforded any protections to inmates under the due process clause of the Fourteenth Amendment. Id. at 539. The Court held that the regulation in question was merely a state law and not a necessary component of constitutional due process during disciplinary hearings of prisoners. See id.

The only aspect of Plaintiff's disciplinary proceedings with which he takes issue are the number of people on the hearing board, namely, that there was one person instead of three. See Compl., ECF 1 at 1, ¶ 6. Plaintiff does not identify any constitutional right to a three-member hearing board. Rather, Plaintiff solely relies upon the Morris Rules to contend that three people are necessary. As explained *supra*, the Morris Rules do not convey a state-created liberty interest. See Heon, 86 F.3d 1146, 1996 WL 276195, at *1. Moreover, the due process clause of the Fourteenth Amendment does not prescribe a three-member panel as part of the mandatory procedural minimums guaranteed to prisoners during disciplinary hearings. See generally Wolff v. McDonnell, 418 U.S. 539 (1974) (recognizing that a Nebraska prison's three-member panel requirement was merely a state law and not a due process requirement under the Fourteenth Amendment). In lieu of such a liberty interest, the Fourteenth Amendment does not convey Plaintiff a constitutional right to be heard before a specific number of disciplinary hearing officers.

## CONCLUSION

WHEREFORE, the State respectfully requests this Honorable Court grant its Motion and dismiss the Complaint (ECF 1) with prejudice.

Respectfully Submitted,

STATE OF RHODE ISLAND,
DEPARTMENT OF CORRECTIONS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (Bar No. 9770)
Katherine Connolly Sadeck (Bar No. 8637)
Special Assistants Attorney General
Rhode Island Office of the Attorney General
150 S. Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2007 | jjsullivan@riag.ri.gov
Ext. 2480 | ksadeck@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document was filed via the ECF filing system on Friday, October 16, 2020 and that it is available for viewing and downloading. I also hereby certify that I mailed a copy of the foregoing document by first class mail, postage prepaid on Friday, October 16, 2020 to:

**Lorenzo Hicks-Hinson, pro se**
#146049
ACI
PO Box 8200
Cranston, RI 02920

*/s/Colleen Cole*