UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

————————————————————— )
LORENZO HICKS-HINSON,                  )
    Plaintiff,                         )
                                       )
    v.                                 )
                                       )    C.A. No. 20-141-JJM-PAS
STATE OF RHODE ISLAND                  )
DEPARTMENT OF CORRECTIONS,             )
    Defendant.                         )
————————————————————— )

## ORDER

Lorenzo Hicks-Hinson, an inmate at the Rhode Island Adult Corrections Institute ("ACI") alleges that he was inappropriately booked on several occasions for committing infractions. Mr. Hicks-Hinson asserts that following hearings, a State of Rhode Island Department of Corrections ("RIDOC") disciplinary board found him guilty of infractions and imposed sanctions, reclassifying him to disciplinary confinement and ordering a loss of good time. He also complains that the number of officers on the disciplinary board violated the Morris Rules and therefore deprived him of due process. The Complaint seeks declaratory and injunctive relief to restore Mr. Hicks-Hinson's good time, as well as compensatory and punitive damages. ECF No. 1.

RIDOC moves to dismiss, asserting that the Complaint fails as a matter of law, the Morris Rules do not afford a private cause of action, and the Complaint does not allege a protected liberty interest. ECF No. 10.

RIDOC states that Mr. Hicks-Hinson's claims fail as a matter of law because the State cannot be sued for damages. Mr. Hicks-Hinson responds by citing the decision of the U.S. Magistrate Judge in *Brown v. Rhode Island*, 160 F. Supp. 2d 233 (D.R.I. 2001). Mr. Hicks-Henson's reliance on *Brown* is misplaced. While the *Brown* court found that the State's waiver of sovereign immunity in tort claims sufficiently extended to Section 1983 claims, it maintained that "a State is not a proper defendant for a Section 1983 cause of action since a State is not a 'person' as that term is used in § 1983." *Id.* at 237 (citing *Will v. Michigan*, 491 U.S. 58, 71 (1989)). Accordingly, his requests for damages must fail.

Mr. Hicks-Hinson's request for an injunction to restore his lost good time fares no better for several reasons. While "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983," *Will*, 491 U.S. at 71 n.10, Mr. Hicks-Hinson brings this case solely against RIDOC, rather than any individual official. Furthermore, his cause of action stems from an alleged violation of the Morris Rules. This Court stayed the Morris Rules. *Morris v. Travisano*, C.A. No. 69-cv-4192-JJM (D.R.I. 1969), Sep. 3, 2020 Text Order ("[T]he stay order entered by this Court, *** , staying the Order contained in the 'Memorandum and Order' *** ECF 71 *** for Defendant, RIDOC, to 'reinstate the Morris Rules as its disciplinary policy in their entirety and without modification within thirty days', said stay shall remain in effect until further order of this Court."). Even if the stay were not applicable to Mr. Hick-Hinson's claim as he alleges, his claim for personal injunctive relief based on the Morris Rules must be dismissed. Any injunctive relief under the Morris Rules

would have to be brought in the Morris case itself, because there is no individual right to enforce the Morris Rules.

Moreover, "the First Circuit [has] found no state created liberty interest in the Morris Rules and therefore no right to enforce them in a damages action under federal law." *Paiva v. Rhode Island Dep't of Corr.*, No. CV 17-MC-14-JJM-LDA, 2020 WL 430062, at *4, n.9 (D.R.I. Jan. 28, 2020).

To the extent that Mr. Hicks-Hinson's Complaint brings his good time claim under the Due Process Clause of the U.S. Constitution, the claim fails for the same reason. The First Circuit reasoned that the Morris Rules did not create liberty interests due to the high standard for prisoner due process protections adopted by the U.S. Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995). *Id.* Under *Sandin*, the high court held that the due process inquiry focused on whether the alleged violation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id.* at 486-87. Mr. Hicks-Hinson's loss of good time credits cannot meet such restrictive standards.[1]

For the reasons stated above, the Court GRANTS Defendant RIDOC's Motions to Dismiss. ECF No. 10.

---

[1] The First Circuit has contemplated this, noting that "if a state statutory provision created a liberty interest in a shortened prison sentence which results from good-time credits, revocable only if the inmate is guilty of serious misconduct, that inmate is entitled to [ ] procedural protections. . . ." *McGuinness v. Dubois*, 75 F.3d 794, 797, n.3 (1st Cir. 1996). There, the appellate court considered prisoners' claims in light of a Massachusetts statutory provision with those qualities. In Rhode Island, no such statute exists.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

March 16, 2021